NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DON HIGGINSON, | No. 19-55275 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-02032-WQH-MSB |
| v. | |
| XAVIER BECERRA, in his official capacity as Attorney General of California; CITY OF POWAY, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| CALIFORNIA LEAGUE OF UNITED LATIN AMERICAN CITIZENS; et al., | |
| Intervenor-Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted November 5, 2019
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Louis Guirola, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

Don Higginson appeals the district court's dismissal on remand of his complaint for failure to state a claim. *See Higginson v. Becerra*, 363 F. Supp. 3d 1118 (S.D. Cal. 2019).[1]  We have jurisdiction under 28 U.S.C. § 1291.  Agreeing with the decision of the California Court of Appeal in *Sanchez v. City of Modesto*, 51 Cal. Rptr. 3d 821 (Cal. Ct. App. 2006), we affirm.

In June 2017, the City of Poway, California received a letter from a private attorney threatening a lawsuit, claiming the City had violated the California Voting Rights Act ("CVRA"), Cal. Elec. Code §§ 14025–32.  In response, the City Council determined that instead of defending the threatened litigation and incurring significant expenses in doing so, it would adopt a resolution that would transition the City from at-large to district-based elections.

Higginson's complaint alleges that he, a resident of the City, lives in a racially gerrymandered electoral district because:  (1) "[t]he City would not have switched from at-large elections to single-district[] elections but for the prospect of liability under the CVRA;" and (2) "[t]he CVRA makes race the predominant factor in drawing electoral districts" by compelling a political subdivision to

[1] We previously held that Plaintiff has standing to assert an as-applied challenge to the City's adoption of Map 133, the district-based electoral map adopted by the City in October 2017.  *Higginson v. Becerra*, 733 F. App'x 402, 403 (9th Cir. 2018).

"abandon its at-large system based on the existence of racially polarized voting and nothing more."

Reviewed de novo and viewed in the light most favorable to him, the allegations of the operative complaint fail to plausibly state that Higginson is a victim of racial gerrymandering. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 933 F.3d 1136, 1149 (9th Cir. 2019) (stating standard of review). Racial gerrymandering occurs when a political subdivision "intentionally assign[s] citizens to a district on the basis of race without sufficient justification." *Abbott v. Perez*, 138 S. Ct. 2305, 2314 (2018) (citing *Shaw v. Reno*, 509 U.S. 630, 641 (1993)). Plaintiff alleges no facts concerning the City's motivations for placing him or any other Poway voter in any particular electoral district. *See Bethune-Hill v. Va. State Bd. of Elections*, 137 S. Ct. 788, 797 (2017) ("[A] plaintiff alleging racial gerrymandering bears the burden 'to show . . . that race was the predominant factor motivating the legislature's decision to place a significant number of voters within or without a particular district.'") (quoting *Miller v. Johnson,* 515 U.S. 900, 916 (1995)). Similarly, he fails to cite any language in the CVRA that mandates how electoral districts can or should be drawn. *See* Cal. Elec. Code §§ 14025–32.

The operative complaint does not allege that the City or the CVRA "distribute[d] burdens or benefits on the basis of individual racial classifications."

3

*Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 720 (2007). Although a finding of racially polarized voting triggers the application of the CVRA, it is well settled that governments may adopt measures designed "to eliminate racial disparities through race-neutral means." *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 135 S. Ct. 2507, 2524 (2015); *see also Bush v. Vera*, 517 U.S. 952, 958 (1996) (plurality) ("Strict scrutiny does not apply merely because redistricting is performed with consciousness of race.").

Because Plaintiff's allegations do not trigger strict scrutiny, *see Cooper v. Harris*, 137 S. Ct. 1455, 1464 (2017), and he does not contend the City lacked a rational basis for its actions, *see FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 314–15 (1993), he fails to state a claim for relief. He also therefore was not entitled to injunctive relief. *See Short v. Brown*, 893 F.3d 671, 675–76 (9th Cir. 2018).

**AFFIRMED.**